is not a case of a juror dissenting from a sealed verdict but of a foreman, manifestly speaking for all his fellow members of the jury, stating to the judge and clerk that they had not read and recorded the verdict correctly.

The superfluous attempt of the jury to dispose of the costs did not vitiate their finding that the defendant was guilty as indicted. The real verdict in this case was the one announced orally by the foreman in open court and not the sealed paper which was irregular in form. Under the circumstances the trial judge had power, and it was his duty, to put the finding into proper form by striking out the surplusage and to direct the true finding to be recorded. It has been repeatedly held that in criminal as well as civil cases the court has power to mould the verdict into proper form in the presence and with the acquiescence of the jury, and the verdict so received and recorded, and not the written memorandum of their finding, is the true verdict: Commonwealth v. Mills, 3 Pa. Superior Ct. 161; Commonwealth v. George, 12 Pa. Superior Ct. 1; Commonwealth v. Flaherty, 25 Pa. Superior Ct. 490; and Reitenbaugh v. Ludwick, 31 Pa. 131, 141, a case in which there was a sealed verdict.

The assignment of error to the order of the Court of Quarter Sessions of York County is sustained and the order reversed and it is now ordered that the rule be made absolute and the verdict of the jury in the case of Commonwealth v. John H. Hartley, No. 20 January Sessions of said court, recorded as "guilty as indicted" and that the case be proceeded with in accordance with law.

---

Lerner et al., Appellants, *v.* Heicklen et al.

*Landlord and tenant—Lease—Interpretation of—Covenant against loss—Validity.*

A covenant in a lease releasing the landlord "from all loss of property however occurring" is sufficient to release the lessor from all liability for a loss caused by negligence of lessor or his servants.

It is not unreasonable to assume that a consideration that induces a tenant to enter into such a covenant is the fixing of a lower rental for the demised property than would otherwise be demanded by the lessor. Upon this matter the parties may bargain freely and agree upon their own terms. The covenant in question contravenes no policy in the law. It does not fall within the reason of the rule that makes the stipulation of a common carrier against liability for negligence a nullity.

All that the law insists on in the case of a tenant's waiver of a landlord's liability for losses resulting from his negligence is that it shall be plainly expressed.

Argued October 11, 1926. Appeal No. 72, October T., 1926, by plaintiffs from judgment of C. P. No. 4, Philadelphia County, June T., 1925, No. 11651, in the case of Joseph Lerner and Raymond Greenberg v. Hyman Heicklen and Abraham Payevsky. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass for damages to materials, machines, etc. Before AUDENRIED, P. J.

Affidavit of defense raising question of law.

The facts are stated in the opinion of the court below sustaining the contentions in favor of the defendant:

## OPINION

This case comes before the Court for hearing on a question of law raised by an affidavit of defense filed under Section 20 of the Practice Act. The defendants assert that "under the circumstances set forth in the lease between the parties, a copy of which is attached to the statement of claim, the plaintiffs are not entitled to the relief sought in the matter."

The statement alleges that the plaintiffs were tenants of the third floor of a building whose owners, the defendants, were in actual possession of its fifth floor. The plaintiffs have sued in trespass to recover damages for injury to their goods caused by the negligence of the defendants in permitting water to escape

from the pipes and plumbing apparatus on the floor occupied by the latter. To the statement is annexed a copy of the lease by which the defendants let the third floor to the plaintiffs. In that instrument, after a covenant by the lessees to assume all liability for injury to persons or property in that part of the building demised to them, or upon the sidewalk of the building, appear the words, *"nor shall the lessor(s) be held responsible for loss of property however occurring."*

The lessees could not, of course, covenant that no other person would attempt to hold the defendants to a liability for injury done by the latter to his property. They had already agreed to assume the liability for damages to property or goods to which the lessors might be subject. It is, therefore, quite obvious that the persons, who under the clause quoted above, were not to hold the lessors to responsibility were the plaintiffs themselves.

The phrase *"however occurring"* that appears in the covenant under consideration, here signifies "that happens in any manner whatever," or "that takes place or comes to pass from any cause whatsoever:" See Century Dictionary.

Its meaning is sufficiently broad to include the case where a loss comes about because of the negligence of the lessors or their servants. The clause in which it occurs in effect releases the defendants from all liability to the plaintiffs, so far as loss of property is involved, for the results of lack of care on the part of the former or their employees.

It is not unreasonable to assume that the consideration that induces a tenant to enter into such a covenant is the fixing of a lower rental for the demised property than would otherwise be demanded by the lessor. Upon this matter the parties may bargain freely and agree upon their own terms. The covenant

in question contravenes no policy of the law. It does not fall within the reason of the rule that makes the stipulation of a common carrier against liability for negligence a nullity.

All that the law insists on in the case of the tenant's waiver of his landlord's responsibility for losses resulting from his negligence is that it shall be plainly expressed. With that requirement the covenant of the plaintiffs fully complies.

The statement of claim does not set forth a valid cause of action. Its defect cannot be cured by amendment. The decision of the question of law raised by the affidavit of defense disposes of the plaintiffs' entire claim. Judgment is, therefore, entered against them and in favor of the defendants.

Plaintiff appealed.

*Error assigned* was the decree of the court.

*Harry R. Back,* and with him *H. Jerome Jaspan,* for appellants.—The provisions in the lease do not exempt the landlord from injuries resulting from his negligence: Charlow v. Blankenship, L. R. A. 1917 D. 1149; Worthington v. Parker, 11 Daly (N. Y.) 545; Randolph v. Feist, 52 N. Y. 109; Second United Cities Realty Corp. v. Hare, 165 N. Y. Supp. 371; Moroder v. Fox, 155 Wisc. 503—143 N. W. 1040; Fera v. Child, 115 Mass. 32 Ruff Drug Co. v. Iowa Co., 15 A. L. R., 962; LeVette v. Hardman Est., 1917 B. L. R. A., 222.

*Charles H. Goren,* and with him *Nathaniel I. S. Goldman,* for appellees.—The contract was valid and relieved the lessors from all liability to their tenants: Rose v. Finance Company, 21 Dist. Reports 490.

PER CURIAM, December 10, 1926.

The judgment is affirmed on the opinion of President Judge AUDENRIED of the court below.